IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                        CR 18-100-MV

JOSEPH MARTINEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Joseph Martinez's Motion for Suppression of Evidence Pursuant to *Franks v. Delaware* and Incorporated Memorandum. Doc. 25. The Government filed a Response. Doc. 27. As the Court will explain below, having considered the briefs, relevant law and being otherwise fully informed, the Court finds that Defendant has not met his burden under *Franks v. Delaware*, and he is not entitled to a hearing. Accordingly, the Court concludes that Defendant's Motion is not well-taken, and it will be **DENIED**.

### BACKGROUND

On August 10, 2017, law enforcement officers executed a federal search warrant on Defendant's residence and vehicle, and they discovered cocaine, cocaine base, firearms, and drug paraphernalia. The search warrant was issued pursuant to an affidavit completed by Detective Greg Reams. Doc. 26-2 (Ex. A, hereinafter "Affidavit").

Detective Reams's affidavit sets forth the facts leading up to the Santa Fe Police Department's ("SFPD") investigation of Defendant. A confidential informant ("CI") contacted

the SFPD in in July of 2017, stating that CI had knowledge of Mr. Martinez selling narcotics from his vehicle in Santa Fe. Affidavit at ¶ 6. The individual further stated they are familiar with Mr. Martinez "because he/she has been purchasing narcotics from Martinez for an extended period of time." Affidavit at ¶ 6(a). CI provided a physical description of Defendant and his vehicle, and positively identified a photograph of Defendant. The vehicle was registered to Defendant at his home address. Affidavit at ¶ 6(d).

Over the course of July and August 2017, Detective Reams instructed CI to contact Defendant and arrange three purchases of cocaine base. Affidavit at ¶¶ 7, 8, 10. On the days of each of the purchases, Detective Reams first searched CI for money or contraband. Before the second purchase, Detective Reams "located [a] prescription bottle containing a schedule IV substance," which CI "honest[ly] stated he/she forgot the substance was in the pill bottle." Affidavit at ¶ 8(a). CI was kept under constant surveillance, observed approaching Defendant's vehicle and remaining at the vehicle for less than five minutes before leaving, and kept on surveillance until meeting up with Detective Reams at a predetermined location. The driver in each of the purchases was Defendant. CI was searched after each purchase, and the suspected cocaine base obtained from CI was transported for narcotics testing. In each of the three purchases, the substance tested positive for cocaine.

During surveillance of two of the three controlled buys, Agents observed Defendant leaving his residence, driving to the predetermined purchase location, and returning home. Affidavit at ¶¶ 9, 10. Agents placed Defendant under surveillance for the duration of the investigation, and observed him in his vehicle on more than one occasion meeting others in "random parking lots." Affidavit at ¶ 11. Based on his training and experience, controlled

purchased by CI, and surveillance observation by Agents of Defendant, Detective Reams stated, "Martinez is and continues to be involved in the trafficking of narcotics, mainly cocaine base." *Id.*

Detective Reams assessed CI to be a credible and reliable witness. Affidavit at ¶ 12. In addition to CI's reports about Defendant and his vehicle, Agents independently corroborated the information through physical surveillance of Defendant. *Id.* Detective Reams noted that CI followed all instructions without deviation, and made statements against his/her own penal interest by stating that he/she previously used illegal narcotics. *Id.* Detective Reams added that CI "has provided credible and reliable information on unrelated drug traffickers in both the State and Federal levels in at least two separate investigations." *Id.*

Based on this knowledge, Detective Reams concluded that Defendant was likely to have violated New Mexico State Statute 30-31-20A(2)(a), the trafficking by way of distribution, sale, barter, or giving away of an enumerated Schedule I or II narcotic drug. Affidavit at ¶ 13, NM Stat § 30-31-20.

The SFPD obtained a search warrant for Defendant, his residence, and the vehicle he was observed in during the aforementioned controlled buys. The search warrant was executed on August 16, 2017 and, at the conclusion of the search, Mr. Martinez was arrested, charged, and taken into custody.

The Santa Fe District Attorney's Office indicted Defendant on October 3, 2017, and he was arraigned in State Court on October 16, 2017. Doc. 25 at 2–3. On January 11, 2018, the United States Attorney's Office indicted Defendant on the following charges: Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); Using an Carrying

a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime, in violation of 18 U.S.C. § 924(c); and Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a). Doc 2. The State case was dismissed on January 18, 2018. Doc. 25 at 3. On September 10, 2018, Defendant filed the instant motion to suppress, in which he argues that the search warrant was improperly issued because Detective Reams's affidavit failed to establish probable cause. Doc. 25.

## APPLICABLE LAW

Defendant challenges the adequacy of Detective Reams's affidavit, contending that it did not support probable cause for the magistrate judge to issue a search warrant. This challenge is made under *Franks v. Delaware*, 438 U.S. 154 (1978), where the Supreme Court held that a defendant who challenges a search warrant affidavit is entitled to a hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [] the allegedly false statement [was] necessary to the finding of probable cause." *Id*. at 155–56. The law imposes this burden on criminal defendants because search warrant affidavits are afforded a presumption of validity. *Id*. at 171.

> The Tenth Circuit has clarified *Franks* as follows:
>
> A defendant is entitled to a *Franks* hearing if he makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. The standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods. Defendants must point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011). In *Stewart v. Donges*, the Tenth Circuit extended the same standards to material omissions. 915 F.2d 572, 582 (10th Cir. 1990) ("[T]he standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods.") (internal quotation marks omitted). In *United States v. Lewis*, 594 F.3d 1270, 1286 (10th Cir. 2010), the Tenth Circuit stated that it would be "improper" to hold an evidentiary hearing regarding the validity of a search warrant absent such a showing.

## DISCUSSION

Defendant cites caselaw that an affidavit containing reckless or intentional false statements may invalidate a search warrant. Doc. 25 at 3. He then goes on to argue that the warrant in this case lacks "sufficient probable case" because the affidavit is silent as to CI's criminal history and does not explain how or why law enforcement found CI reliable and credible. Doc. 25 at 5–6. First, Defense argues that an informant's criminal history is relevant to his or her credibility, and CI's criminal past in not mentioned in any way by the affiant, Detective Reams. Doc. 25 at 5. He argues that the affidavit "does not state any basis whatsoever as to why law enforcement found him/her creditable or reliable." Doc. 25 at 5. Additionally, he states that the finding of an illegal substance in the possession of CI "demonstrates that he/she is not creditable or reliable and shows his/her propensity to be an active criminal." Doc. 25 at 6.

Defendant does not acknowledge that it was not only CI's information, but also the officers' observations of Defendant and his interactions with CI and others in Santa Fe that corroborated Defendant's alleged drug trafficking. Detective Reams obtained substances from CI on three occasions after meeting with Defendant, all of which tested positive for cocaine base. Affidavit at ¶¶ 7(d), 8(c), 10(c). In addition, officers observed Defendant meeting with other

individuals, who approached his car briefly in random parking lots, consistent with drug trafficking activity. Affidavit at ¶ 11. Finally, Defendant's argument that the affidavit states no basis for CI's reliability is mistaken. Detective Reams states that CI has provided credible information in at least two other, unrelated investigations, and the fact that CI made statements against his/her personal interest also suggests he/she is reliable. Affidavit at ¶ 12.

As a second point in his Motion to Suppress, Defendant argues that probable cause to search his home could not be established based on the officers' observations because there is "only one mention to a nexus to his home." Doc. 25 at 6. There are, in fact, two: agents observed Defendant leaving his residence during pre-surveillance that took place before both the second and third controlled buys. Affidavit at ¶¶ 9, 10(a). Defendant continues that it would have been "factually impossible" for officers to observe him leaving his house and entering his vehicle, given "how the house, street, and surrounding structures are situated." Doc. 25 at 7.

Neither Defendant's assertions regarding the veracity and reliability of the confidential source, nor his argument that officers could not see him leaving his house to enter his vehicle, entitle him to a hearing under *Franks*. A defendant challenging a search warrant must allege that the affiant included false information either intentionally or recklessly and he must advance specific reasons supporting this allegation. *Lewis*, 594 F.3d at 1286. Defendant has not satisfied this standard.

I.      **Detective Reams's Failure to Discuss CI's Criminal History**

Most relevant to the *Franks* analysis is the fact that Defendant does not expressly allege that Detective Reams's failure to include CI's criminal history constituted a false statement or material omission made recklessly or intentionally. In *Lewis*, the defendant was convicted in a major Ponzi scheme whereby he defrauded investors of millions of dollars. 594 F.3d 1270. The

defendant argued that he was entitled to a *Franks* hearing because the affiant in his case "failed to disclose that she had little direct basis for the claim in the affidavit that the internal workings of the office was understood by a confidential informant." *Id*. at 1286. The Tenth Circuit affirmed the district court's denial of a *Franks* hearing on grounds that "Lewis has never asserted, before this court or in the district court, that the affiant intentionally or recklessly made false statements. Thus, a *Franks* hearing would have been improper." *Id*.

Here, Defendant is arguing—at best—that the affiant was negligent in not researching the CI's criminal history. If the affiant in *Lewis*, who purportedly implied that a confidential source had greater knowledge than he/she did about the crime, did not meet the standard set forth in *Franks*, nor can Detective Reams's incomplete information be framed as reckless. Detective Reams revealed to the magistrate judge that CI had admitted to using drugs over a long period of time and did not make any attempts to hide CI's "unsavory character." *See United States v. Novaton*, 271 F.3d 968, 985 (11th Cir. 2001). There is no evidence to suggest that Detective Reams ran a background check on CI and intentionally, or recklessly, withheld this information from the magistrate judge. Under the holding in *Lewis*, it would be "improper" to hold a hearing on Defendant's motion, because his allegations do not amount to a charge of reckless disregard for the truth. *See* 594 F.3d at 1286.

Moreover, Defendant has not presented sufficient evidence in support of his allegations as required under *Cooper*. *See* 654 F.3d at 1128 (defendant must make "a *substantial showing* that the affidavit contains intentional or reckless false statements" (emphasis added)). Not only has Defendant failed to adequately *allege* that Detective Reams was reckless, but he certainly has not made a substantial showing of reckless disregard for the truth.

Finally, even beyond this, Defendant would have to show that the false statement or material omission is necessary to a finding of probable cause, a burden which he has also not met. *See id.* at 1128. Defendant is correct that Detective Reams's affidavit is silent as to CI's criminal history. However, Detective Reams points out in the affidavit that CI knows Defendant because CI has been purchasing drugs from him "for an extended period of time." Affidavit at ¶ 6(a). Regardless, Defendant does not explain how Detective Reams's failure to disclose CI's criminal history or the attempt to obtain the history renders the affidavit insufficient. Defendant has provided no basis for the Court to conclude that Detective Reams's omission vitiates probable cause.

Defendant cites *United States v. Avery* for the proposition that "omission of the informant's lengthy criminal records required a *Franks* hearing." Doc. 25 at 4 (citing 295 F.3d 1158, 1167 (10th Cir. 2002)). In fact, the Tenth Circuit noted that the District Court did hold a hearing, but denied Mr. Avery's motion to suppress, and "perhaps reassess[ed] its decision to hold a hearing in the first place," language that suggests that a hearing is not required when an informant's criminal history is omitted. 295 F.3d at 1167. The *Avery* Court goes on to state, "the complete failure of an affidavit to discuss the reliability of an informant does not automatically preclude a finding of probable cause." *Id.* at 1167 (citing *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000)). The Court also points out that an "affidavit's failure to discuss the informant's criminal history when outlining why the informant is reliable" is also not automatically fatal. *Id.* at 1167–68 (citing *United States v. Hager*, 969 F.2d 883, 887 (10th Cir. 1992), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995)); *see also United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233 (10th Cir. 2009).

The Tenth Circuit in *Avery* affirmed the district court's denial of the defendant's motion to suppress, citing numerous reasons that the magistrate's decision to authorize the search would not have been altered by knowing the informant's criminal history despite the fact that the confidential informant allegedly had a "lengthy criminal history" said to span "several decades and included 'thefts, forgeries, or evidence of dishonesty or false statement.'" 295 F.3d at 1166, 1168. As in *Avery*, the affidavit in this case informed the issuing judge of CI's self-proclaimed prior drug use, "thus putting the magistrate judge on notice that the 'confidential informant was not a model citizen' and that he had previously violated laws." 295 F.3d at 1168 (citing *United States v. Hall*, 171 F.3d 1133, 1143 (8th Cir. 1999)). Indeed, the CI's admission that he/she had purchased drugs in the past bolstered his/her credibility since he/she was making a statement against his or her own interest. *See United v. Le*, 173 F.3d 1258, 1266 (10th Cir. 1999); *see also United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992).

Second, in *Avery*, the Tenth Circuit points out that judges have personally observed or often know, without explicit review of criminal history, "that many confidential informants 'suffer from generally unsavory character' and may only be assisting police to avoid prosecution for their own crimes." 295 F.3d at 1168 (citing *Novaton*, 271 F.3d at 985). At the very minimum, the issuing judge here was both aware of the CI's admission that he or she had been purchasing drugs from Defendant for an extended period, and that the CI was found, on one occasion, with a prescription bottle containing a schedule IV substance. Affidavit at ¶¶ 6(a), 8(a).

Third, as discussed in *Avery*, a search warrant may still be issued despite the questionable character of the confidential informant when "a particular informant is known for [his] unusual reliability." 295 F.3d at 1168 (citing *Illinois v. Gates*, 462 U.S. 213, 233 (1983)). CI here was known to have provided reliable information in two other investigations. Affidavit at ¶ 11.

Finally, an affidavit that provides the issuing judge with enough independent corroboration by law enforcement of the alleged illegal activity will likely still issue. *See Danhauer*, 229 F.3d at 1006. Here, the affidavit provided the judge with enough independent corroboration of CI's statements by the investigating agents that the search warrant likely would have issued. For one, CI set up three controlled buys with Defendant that were closely surveilled by Detective Reams and resulted in the sale of a substance by Defendant that tested positive for cocaine base. Affidavit at ¶¶ 7, 8, 10. Agents observed Defendant leaving his home and going directly to the location of the controlled buy. Affidavit at ¶ 9, 10(a). They also observed Defendant meeting "on more than one occasion" with vehicles in "random parking lots," indicative—based on Detective Reams's training and experience—of trafficking narcotics. Affidavit at ¶ 11.

## II.     The Nexus Between Items to be Seized and Place to be Searched

Defendant separately contends that there was no probable cause to search his residence because the "affidavit makes only one mention to a nexus to his home," and it was "factually impossible" for the officers to have seen him leaving his residence to get into his car. Doc. 25 at 6–7. Defense quotes the Sixth Circuit for the proposition that an "allegation that the defendant is a drug dealer, without more, is insufficient to tie the alleged criminal activity to the defendant's residence." Doc. 25 at 6 (citing *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005)). However, this statement is taken out of context. The first part of the finding reads: "Where, as here, the warrant affidavit is based almost exclusively on the uncorroborated testimony of unproven confidential informants." 423 F.3d at 533. Unlike *Frazier*, the warrant affidavit here is not based on "uncorroborated" testimony of "unproven" informants. As discussed above, CI had provided reliable information in two other investigations and his/her testimony was corroborated

both by Detective Reams's observations of the controlled buys and subsequent positive narcotics testing, as well as agents' observations of Defendant in alleged parking lot drug transactions.

Furthermore, this circuit has found lawful search warrants of residences even without direct evidence of criminal conduct at the house. *See United States v. Sparks*, 291 F.3d 683, 689–90 (10th Cir. 2002) (when police officers have probable cause to believe that a suspect is involved in drug distribution, there is also probable cause to believe that additional evidence of drug trafficking will be found in his residence). This was upheld in *United States v. Sanchez*, which points out that it is "merely common sense that a drug supplier will keep evidence of his crimes at his home." 555 F.3d 910, 914 (10th Cir. 2009). As discussed in *Sanchez*, the issuing judges make "practical, commonsense decision[s] based on the totality of the circumstances as set forth in the affidavit" and that decision is given great deference. *Id*. (citing *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998)).

Detective Reams's affidavit provides the required "minimally sufficient nexus" between Defendant's home and criminal activity. *See generally United States v. Chambers*, 882 F.3d 1305 (10th Cir. 2018). The affidavit first describes how Defendant was put under surveillance during the investigation. In two controlled buys, agents conducted pre-surveillance and observed Defendant leave his resident and enter his car. Affidavit at ¶¶ 9, 10(a). The affidavit describes the surveillance the officers conducted, as well as the fact that the officers witnessed Defendant engaging in what appeared to be drug transactions in parking lots. The vehicle from which Defendant was conducting these alleged drug transactions was registered to Defendant's residence. Affidavit at ¶ 6(d).

The circumstances described in the warrant affidavit provide probable cause to believe that Defendant was keeping drugs, drug paraphernalia and/or large sums of currency related to drug

trafficking in his home. Not only did the officers observe Defendant leave his residence and engage in two drug transactions, but they also observed him conducting what appeared to be other drug transactions from his vehicle. As discussed in *Sanchez*, it is reasonable to expect Defendant to have illicit items in his home given the corroborating evidence demonstrating that he was allegedly involved in drug trafficking. 555 F.3d at 925.

### III. Good Faith Exceptions

Even if there was an error in assessing probable cause when the judge issued the warrant, the good faith clause applies. When a search is conducted pursuant to a warrant, suppression of evidence "should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918 (1984). This is because the exclusionary rule will have no deterrent effect if the officers who committed the violation acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *United States v. Campbell*, 603 F.3d 1218, 1225 (10th Cir. 2010) (quotation omitted).

In *Leon*, the Supreme Court identified four extreme contexts in which the good-faith exception to the warrant requirement does not apply: (1) the magistrate who issued the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his judicial role; (3) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant is so facially deficient that a reasonable officer could not presume it to be valid. *Leon*, 468 U.S. at 923. If a warrant is unsupported by probable cause but none of these four circumstances are present, the good-faith exception applies, and the evidence may not be suppressed.

Even if the Court were to assume that the judge who issued the warrants erred in his determination of probable cause, the evidence uncovered as a result of the search can be suppressed only if one of the four exceptions to the good-faith rule applies. Defendant has not made a substantial showing that Detective Reams intentionally made false statements or material omissions, or made statements in reckless disregard for the truth, so this exception does not apply. Defendant has made no allegation and put forth no evidence that the judge who issued the warrant abandoned her impartial role. The final two exceptions—that the warrants themselves were so facially deficient or the affidavits supporting them were so utterly lacking in probable cause that no reasonable officer would rely on them—also do not apply.

## CONCLUSION

Defendant has not satisfied his burden under *Franks* to make a substantial showing that Detective Reams knowingly and intentionally, or with reckless disregard for the truth, made a false statement or material omission in his affidavit that was essential to the magistrate judge's finding of probable cause. Accordingly, Defendant is not entitled to a *Franks* hearing. The Court can identify no basis to suppress the evidence uncovered as a result of the search. The Court also finds that the affidavit provided a sufficiently minimal basis connecting the Defendant, his alleged illegal activity, and his residence. Even if the warrant was somehow defective, the good-faith exception would apply.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress Evidence [Doc. 25] is **DENIED**.

Dated this 9th day of November, 2018.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Samuel Hurtado

*Attorney for Defendant:*
Marc Edwards