IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)     CRIMINAL NO. 18-00100-MV<br>vs. )<br>)<br>JOSEPH MARTINEZ, )<br>)<br>Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Joseph Martinez's Motion for Severance of Counts. Doc. 46. The government filed a Response to the Motion [Doc. 48], and Mr. Martinez filed a Reply [Doc. 52]. Mr. Martinez then filed a Supplement in Support of his Motion. Doc. 57. The Court, having considered the briefs, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and accordingly will be **GRANTED**.

## BACKGROUND

On January 11, 2018, a five-Count Indictment [Doc. 1] was filed charging Mr. Martinez with the following counts: Possession with Intent to Distribute 28 Grams and More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime, in violation of 18 U.S.C. § 924(c); and Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. §

856(a).[1]

Mr. Martinez filed the instant Motion to sever Count 3, charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), from the remaining counts in the Indictment. Doc. 46 at 1. He argues that the proof required for the felon in possession of a firearm charge will require presentation of evidence to the jury that he has previously been convicted of a felony. *Id*. at 3. He argues that this will prejudice him as the jury may conclude, based on his prior conviction, that he is guilty of the instant drug offenses simply because he is a convicted felon. *Id*. He points to *United States v. Muniz*, 1 F.3d 1081, 1023 (10th Cir. 1993), stating that when joinder of offenses is based upon their "same or similar character," prejudice is more likely because the jury may use evidence of one crime to infer a criminal disposition and corroborate the commission of the other crime or crimes charged. *Id*. Here, he argues, the charges of felon in possession of a firearm, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute are all similar in character. *Id*. at 4. Due to the likelihood of prejudice, he requests that the Court sever Count 3 from Counts 1, 2, 4, and 5. *Id*.

In its Response, the government states that all charges in the Indictment, including the felon in possession of a firearm charge, arose from a single search of Mr. Martinez's house conducted on the same day, and were connected or constitute parts of a common scheme or plan to traffic crack and facilitate trafficking with the use and possession of firearms. Doc. 48 at 5. The government compares the instant case to *United States v. Jones*, 213 F.3d 1253, 1260–62, where the Tenth Circuit found that the felon in possession of a firearm and ammunition charges were

---

1 On June 27, 2019, a Superseding Indictment [Doc. 54] was returned, charging Mr. Martinez with the same five offenses but updating the language in Count 3, that being Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).

connected to Mr. Jones' participation in the robberies for which he was charged. *Id*. at 5–6. Thus, the government argues, the charges are properly joined in the Indictment because the felon in possession charge is connected to the drug trafficking charges. *Id*. at 6. The government further argues that, although granting severance is a matter of discretion for the trial court, requiring two jury trials would not be in the best interest of judicial economy and expedition as two juries would be required to make credibility determinations as to the same testimony and facts. *Id*. at 7. The government argues that here, as in *Jones*, the charges grew out of Mr. Martinez's own conduct. *Id*. Furthermore, Mr. Martinez has a right to stipulate to the prior felony to limit the jury from hearing prejudicial details about his prior conviction, and the government does not object to the Court providing a limiting instruction to the jury. *Id*. at 8.

In a Reply, Mr. Martinez again argues that evidence of his prior convictions, which is required to prove Count 3, is irrelevant and inadmissible to prove the remaining counts, and such evidence would be improper and unfairly prejudicial. Doc. 52 at 1. Mr. Martinez distinguishes *Jones*, first by pointing out that the Tenth Circuit "emphatically recognized that the decision to grant a severance is within the sound discretion of the trial court," and second by pointing out that in this case, unlike in *Jones* where the conduct for the other counts also involved the use of a firearm, the conduct charged in Counts 1, 2, and 5 are not connected to a firearm. *Id*. at 2. Mr. Martinez further argues that evidence of his prior convictions would not be independently admissible pursuant to Rule 404(b) under the Federal Rules of Evidence because it is inadmissible propensity evidence, and furthermore, it is not relevant pursuant to Rule 401. *Id*. at 2–4. He also argues that the information is highly prejudicial because the jury will be unable to separate and compartmentalize the evidence of prior convictions as relevant only as to Count 3. *Id*. at 7. Mr. Martinez submits that given the nature of his prior convictions, a limiting instruction would

3

be insufficient to overcome the challenges to the jury compartmentalizing the evidence and to avoid the improper and prejudicial inferences it may make. *Id*. He contends that such prejudice requires severance of Count 3 so that he may realize his fundamental right to a fair trial. *Id*. at 7–8.

In a Supplement in Support of his Motion to Sever counts, Mr. Martinez provided the Court with supplemental authority. Doc. 57. On June 21, 2019, the Supreme Court held in *Rehaif v. United States*, ---S.Ct.---, 2019 WL 2552487 (June 21, 2019), that, in proving a felon in possession charge in violation of 18 U.S.C. § 922(g), the government must prove that the defendant knew that he belonged to the relevant category of persons barred from possessing a firearm. *Id*. Mr. Martinez argues that pursuant to *Rehaif*, the government is now required to prove that he knew he had been convicted of a felony offense punishable by imprisonment exceeding one year, which may require it to present to the jury evidence regarding the type of offense to which he pled guilty and the type of sentence he received, which would be unduly prejudicial. *Id*. at 1–2. He contends that this "underscores the critical need to sever the felon in possession of a firearm count from trial on the other counts." *Id*. at 2.

## DISCUSSION

### I. Legal Standard

Rule 8(a) of the Federal Rules of Criminal Procedure permits an indictment or information to charge a defendant in separate counts with two or more offenses if "the offenses charged— whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of the common scheme or plan." Fed. R. Crim. P. 8(a).[2] Under Rule 14, however, a court "may order separate trials of

---

[2] Rule 8(b) allows for joinder of two or more defendants in an indictment or information. Fed. R. Crim. P. 8(b).

4

counts" if joinder of offenses appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a).

Nevertheless, Rule 14 "does not require severance even if prejudice is shown." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Instead, it is in the "sound discretion" of the district court to prescribe the proper relief to be granted. *Id*. at 539. The Tenth Circuit has repeatedly reiterated that "severance is a matter of discretion and not of right," and "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted)); *see also United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007); *United States v. Espinosa*, 771 F.2d 1382 (10th Cir. 1985) ("a defendant must show that 'actual prejudice' resulted" from a trial court's decision to deny severance). It is the defendant's burden to show that a denial of a request for severance would result in "actual prejudice" and not merely a better chance of acquittal in separate trials. *United States v. Trejo*, No. CR 18-1243-RB, 2018 WL 4684223 (D.N.M. Sept. 28, 2018) (citing *United States v. DeLeon*, 323 F.R.D. 672, 686 (D.N.M. 2017) (citation omitted)).

When offenses are of the same character, "prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime." *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993) (quoting *Muniz*, 1 F.3d at 1023). The Supreme Court in *Zafiro* stated that "[w]hen the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary," but also noted that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." 506 U.S. at 539.

Ultimately, the purpose of Rules 8 and 14 of the Federal Rules of Criminal Procedure is to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives

can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131, n. 6 (1968)). A trial court's determination on a motion to sever is reviewed for abuse of discretion. *Muniz*, 1 F.3d at 1023 (citing *United States v. Hernandez*, 829 F.2d 988, 990 (10th Cir. 1987)).

**II.    Analysis**

Mr. Martinez relies on *United States v . Lewis*, where the defendant appealed his conviction for conspiracy, bank larceny, killing to avoid apprehension for bank larceny, and felon in receipt of a firearm. 787 F.2d 1318 (9th Cir. 1986). The Ninth Circuit noted that there is "a high risk of undue prejudice whenever…joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *Id*. at 1321 (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)). The court also stated that the "danger that a jury will infer present guilt from prior convictions cannot be ignored by the court in deciding whether to sever a charge that necessitates the introduction of other crimes evidence." *Id*. (citing *Daniels*, 770 F.2d at 1118). The court further acknowledged that it is much more difficult for jurors to compartmentalize information pertaining to separate counts for one defendant than it is to compartmentalize evidence against separate defendants joined for trial. *Id*. at 1322. Finding that limiting instructions asking the jury to ignore the defendant's prior convictions with respect to certain counts are not particularly effective, the court ultimately held that the trial court's failure to sever the gun count "manifestly prejudiced" the defendant's chance for acquittal on another count. *Id*. at 1323.

The government, on the other hand, compares this case to *Jones*, where Mr. Jones appealed a conviction of one count of bank robbery, two counts of armed bank robbery, three counts of carrying and using a firearm during a crime of violence, and one count of felon in possession. 213

F.3d at 1255. The Tenth Circuit found that the felon in possession of a firearm charges were connected to Mr. Jones' participation in the robberies that were the basis of the other charges. *Id*. at 1260. The Court found that the relationship between the charges grew out of Mr. Jones' own conduct, Mr. Jones stipulated to a prior felony conviction which shielded the jury from hearing prejudicial details of his prior offenses, and the district court provided a limiting instruction. *Id*. at 1261. Accordingly, the Tenth Circuit found that the trial court did not abuse its discretion in denying the motion to sever. *Id*.

In the instant case, Mr. Martinez has not stipulated to his prior felony conviction, unlike in *Jones* where the jury would not hear the details of the prior conviction. *See id*. In fact, under the recent Supreme Court precedent, the government may be required to provide evidence of the details of Mr. Martinez's prior felony conviction. In *Rehaif*, the Supreme Court held that "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 2019 WL 2552487, at *7. The Court determined that the government is required not only to prove that the defendant knowingly possessed the firearm, but also that the defendant knew of his status as a person barred from possessing a firearm. *Id*. at *3. The Supreme Court's application of the word "knowingly" as to both the possession and the status elements of 18 U.S.C. § 922(g) would require the government to prove in the instant matter that Mr. Martinez had knowledge of his status as a convicted felon who was barred from possessing a firearm.[3] Such evidence would likely include details regarding Mr. Martinez's prior convictions of trafficking a controlled substance and bringing contraband into a jail. *See* Doc. 52 at 5 n. 2.

---

3 The Court in *Rehaif* noted that it does not believe Congress expected defendants under § 922(g) and § 924(a)(2) to know their own statuses, and provided an example of a person who was convicted of a prior crime and sentenced to probation, who was not aware that the crime was "punishable by imprisonment for a term exceeding one year," thus making them subject to the provision of § 922(g). 2019 WL 2552487 at *5.

Mr. Martinez contends that such information is both irrelevant and inadmissible as to Counts 1, 2, 4, and 5, and would provide the jury with a basis to make improper inferences regarding his character and his propensity to act in accordance with that character. Doc. 52 at 5. He points to Rule 404(b) of the Federal Rules of Evidence which states: [e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion that person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

The Court finds that this poses a significant risk of prejudice against Mr. Martinez, even with the precaution of a limiting instruction, due to the risk that the jury will be unable to compartmentalize the information and consider it as to Count 3 only but disregard it as to Counts 1, 2, 4, and 5. *See Zafiro*, 506 U.S. at 539 (There is a serious risk that a joint trial would compromise a specific trial right of a defendant where evidence that the jury should not consider against one defendant and is otherwise inadmissible is nonetheless admitted against a codefendant.); and *Lewis*, 787 F.2d at 1322 ("It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joint counts…than it is to compartmentalize evidence against separate defendants joined for trial.") (citations omitted).

Mr. Martinez also relies on *United States v. Busic*, where the Third Circuit held that, when ruling on a motion to sever, a district court should determine whether the evidence of prior convictions would be independently admissible on other counts. 587 F.2d 577, 585 (3d Cir. 1978). This Circuit has declined to follow such a bright-line rule, but nevertheless has "recognized the persuasiveness of this guideline as an important factor in determining whether severance is advisable to assure a fair trial." *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983); *see also United States v. Gregg*, 803 F.2d 568, 572 (10th Cir. 1986) (noting that in *Valentine*, this Circuit specifically refused to follow *Busic*). This Court has previously

acknowledged that the fact that evidence from one count will "spillover" into another is not grounds to grant a severance, but "a serious risk of a compromise of a defendant's trial right is grounds to grant a severance. *United States v. Sims*, No. CR 00-193-MV, 2001 WL 36498440, at *22 (D.N.M. April 19, 2001) (citing *United States v. Aguirre*, 108 F.3d 1228, 1233 (10th Cir. 1997)). Nevertheless, the Court finds that given the risk of the jury considering information regarding Mr. Martinez's prior convictions as improper propensity evidence, Mr. Martinez faces actual prejudice if all counts are tried together, and accordingly, Count 3 should be severed.

## CONCLUSION

The Court finds that, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Mr. Martinez will face undue prejudice if Count 3, charging Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g), is not severed from the remaining counts in the Indictment.

**IT IS THEREFORE ORDERED** that Defendant Joseph Martinez's Motion for Severance of Counts [Doc. 46] is **GRANTED**.

DATED this 7th day of August, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE