## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. CR 18-100 MV

JOSEPH MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Count 4 of the Superseding Indictment and Objection to the Government's Jury Instructions as to Count 4 [Doc. 65], filed July 25, 2019. Having reviewed and considered the parties' briefs, the relevant law, and being otherwise fully informed, for the reasons stated below, Defendant's motion is **GRANTED**.

## BACKGROUND

On June 27, 2019, a Superseding Indictment was returned against Defendant with five counts. Doc. 53. Count 4 charged the Defendant with, "during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States… knowingly using and carrying a firearm and, in furtherance of such crime, possessing said firearm" in violation of 18 U.S.C. § 924(c). *Id.*

On July 25, 2019, Defendant filed the subject motion arguing that "the language of [Count 4 of the superseding indictment] alleges two distinct and separate offenses under 18 U.S.C. § 924(c), thereby resulting in duplicity and as such said count must be dismissed." Doc. 65 at 1-2.

The Defendant therefore requests that the Court "dismiss count 4 of the superseding indictment." *Id.* at 4.

On August 5, 2019, the government filed a Response to the Defendant's motion. The government argues that the indictment is not duplicitous, but requests that the Court not reach a decision on that issue as the government is proceeding to trial on one theory only: possession of a firearm in furtherance of a drug trafficking crime. Doc. 91 at 7. The government therefore moves to strike the language "knowingly used and carried a firearm" from the indictment and replace it with "knowingly possessed a firearm in furtherance of such crime." *Id.* at 8.

The Defendant did not file a Reply to the Government's Response.

## DISCUSSION

### I. The Law

Duplicity is defined as the joinder of two or more distinct and separate offenses in the same count of an indictment. *United States v. Miller*, 891 F.3d 1220, 1229 (10th Cir. 2018). Multiple charges in one count present a danger that the jury could convict a defendant without reaching a unanimous agreement on precisely which charge is the basis for the conviction. *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010).

This Court holds that 18 U.S.C. § 924(c) criminalizes two separate offenses, and therefore an indictment that lists both offenses in the same count is duplicitous. Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to certain minimum sentences. 18 U.S.C. § 924(c)(1)(A). In *United States v. Combs*, 369 F.3d 925, (6th Cir. 2004), the

Sixth Circuit held that 18 U.S.C. § 924(c) criminalizes two separate offenses. The Eighth Circuit has likewise held that 18 U.S.C. § 924(c) creates two separate crimes. *See United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006) (holding that there was no Double Jeopardy violation where a defendant was convicted under two separate counts for violations of 18 U.S.C. § 924(c), one count for violating the "used and carried" clause and one for violating the "possessed" clause, since each count required an element not required by the other). However, In *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006), the Ninth Circuit rejected the logic in *Combs* and ruled instead that 924(c) defines only one offense, not two. The Tenth Circuit has not yet ruled on the issue.

In *Combs*, the Sixth Circuit held that 18 U.S.C.§ 924 (c) criminalizes two separate offenses: (1) using or carrying a firearm during and in relation to a drug trafficking crime, and (2) possessing a firearm in furtherance of a drug trafficking crime. *Combs* at 931-33. The Sixth Circuit reasoned that because the two prongs of the statute are separated by the disjunctive "or," and because the statutory language structures the prohibited acts into distinct dependent clauses with different modifiers, the second prohibited act is distinct from the first. *Id*. at 931. The *Combs* court also considers the legislative history of 18 USC § 924 (c), noting that Congress enacted the current version of the statute in 1998, in response to the Supreme Court's holding in *Bailey v. United States,* 516 U.S. 137 (1995). *Bailey* held that in an earlier version of the statute, which prohibited only "using or carrying a firearm during and in relation to" drug trafficking, 18 U.S.C. § 924(c)(1) (1994), the word "use" must mean more than mere possession. *Combs* at 932. It was in response to the *Bailey* holding that Congress added "possession" as a prohibited act, and required a higher

3

standard of participation ("in furtherance of") in order to charge a defendant with that act, thus creating two separate and distinct offenses with different standards of proof. *Combs* at 932-33.

However, in *United States v. Arreola*, the Ninth Circuit held that § 924(c) defines only one offense, not two. 467 F.3d 1153 (9th Cir. 2006). With regard to the use of the disjunctive "or" in the statute, the *Arreola* court reasoned that while it is clear that the statute prohibits two distinct acts, it is not clear that each act is a separate offense, since Congress chose to place the "uses or carries" and "possesses" provisions in the same sentence, rather than creating sub-parts. *Id*. at 1157. The court further noted that the punishment does not vary according to whether the defendant violated the "uses or carries" or "possesses" clause. *Id*. The *Arreola* court rejected the *Combs* analysis of the legislative history, concluding that although the legislative history does "suggest[] that Congress intended to differentiate a defendant who 'possesses' a firearm in 'furtherance of' a crime from one who 'uses or carries' a firearm 'during and relation to' a crime, it is far from clear that Congress intended to create separate offenses," and noting that Congress chose not to adopt the House bill, which explicitly proscribed separate offenses. *Id*. at 1159. The *Arreola* court further reasoned that the two types of conduct that § 924(c) proscribes are difficult to distinguish conceptually. *Id*. at 1160. Finally, it reasoned that it would seem absurd to permit multiple punishment of a defendant who violates both the "uses or carries" clause and the "possesses" clause. *Id*. The *Arreola* court therefore held that the statute defines only one offense. *Id*. at 1161.

The Tenth Circuit has not explicitly ruled on the issue of duplicity, but has treated § 924 (c) as creating two separate criminal offenses. In *United States v. Avery*, 295 F.3d 1158 (10th Cir. 2002), the Tenth Circuit explained:

> A defendant may be charged for two types of weapon-related offenses under [§924(c)(1)]. First, a defendant may be convicted for using or carrying a firearm.

4

> We have previously explained that in order to convict a defendant under § 924(c)(1)'s use or carry prong, the government must show (1) that the defendant used or carried a firearm and (2) that the weapon played an "integral role" in the underlying offense. *See United States v. Shuler*, 181 F.3d 1188, 1189–90 (10th Cir.1999). Second, a defendant may, in certain circumstances, be convicted under § 924(c)(1) for possessing a firearm. Obtaining a conviction under the "possession" prong of § 924(c)(1) requires the government to prove (1) that the defendant possessed a firearm and (2) that the possession was "in furtherance of" a drug trafficking offense or crime of violence. *United States v. Basham*, 268 F.3d 1199, 1206 (10th Cir.2001).

*Id*. at 1172.[1] Thus, each of the two prongs of §924 (c) has separate and distinct elements with different standards of proof. "In furtherance of" requires a higher standard of proof than "during and in relation to." *United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) ("[O]ur cases make clear that the 'during and in relation to' requirement of section 924(c) necessitates some direct connection between the firearm and the drug offense. The legislative history of the 1998 amendments directs that the 'in furtherance' requirement for possession is an even higher standard.") "Knowingly used and carried" requires a higher standard of proof than "possessed." *See id*. at 1270-74 (explaining that after *United States v. Bailey*, 516 U.S. at 143 (1995) held that the term "use" requires "active employment of the firearm by the defendant," Congress added the lesser act "possession" as a criminal act only if that act was undertaken "in furtherance of" a crime). Having taken into account the legislative history, the Tenth Circuit's treatment of §924 (c) as creating two distinct criminal acts, and the separate and distinct elements required to prove each

---

[1] In *United States v. Avery*, the Tenth Circuit reviewed the defendant's claim that his convictions under §924(c) should be overturned because the indictment alleged that he "knowingly *possessed* [the relevant firearm] *during and in relation* to a drug trafficking crime…", thus charging him under the possession prong but using the words "during and in relation to" where the words "in furtherance of" should have been used. *Id*. at 1172. Because the defendant in *Avery* did not raise his challenge to the sufficiency of the indictment until after the jury returned its guilty verdict, and because the Tenth Circuit reviews indictments liberally when they are challenged for the first time after a verdict, the *Avery* court did not find the insufficiencies in the indictment sufficient to warrant reversal. Id. at 1173-76. In the instant case, Mr. Martinez has raised his challenge to the sufficiency of the indictment prior to trial, putting him in a different position than the defendant in *Avery*.

prong of the statue, this Court agrees with the Sixth Circuit's conclusion in *Combs* that §924(c)(1) creates two separate and distinct criminal offenses. Because this Court finds that 18 U.S.C. § 924(c) criminalizes two separate offenses, it also finds that Count 4 of the Superseding Indictment in the instant case is duplicitous.

## II. The Remedy

A challenge to an indictment on the grounds that it is duplicitous must be made pretrial and can properly be raised through a motion to quash, demurrer, or motion to require the government to elect. *Harris v. United States*, 190 F.2d 503, 505 (10th Cir. 1951). "A criminal defendant can only be tried on an indictment as found by a grand jury, and especially upon all language found in the charging part of that instrument." *United States v. Smith*, 838 F.2d 436, 439 (10th Cir. 1988). "The 5th Amendment stands as a bar to any person being prosecuted for an infamous crime 'unless on a presentment or indictment of a Grand Jury.' Construing this constitutional safeguard the courts have repeatedly said that any material change invalidates the indictment and deprives the court of the power to try an accused upon it." *Heald v. United States*, 177 F.2d 781, 783 (10th Cir. 1949).

The government asks this Court not to rule on the issue of duplicity, and instead states that the government is proceeding to trial solely on the "possession in furtherance of a crime" theory and therefore moves this Court to permit the government to strike the language "knowingly used and carried" from the superseding indictment and replace it with "knowingly possessed a firearm in furtherance of such crime." Doc. 91 § III (B). The government suggests that this would be permissible under Rule 7(d) of the Federal Rules of Criminal Procedure, *id.*, which empowers district courts to "strike surplusage from the indictment or information." However, the government

misrepresents Rule 7(d) in two respects in its brief. Firstly, Rule 7(d) states that the court may strike surplusage from the indictment or information "[u]pon the defendant's motion." Fed. R. Crim. P. 7(d). There is no motion from the defendant in front of this Court to strike language from the indictment. Furthermore, the language the government moves to strike is substantive, not mere surplusage, and therefore exceeds the scope of the district court's discretion to strike surplusage:

> Federal Rule of Criminal Procedure 7(d) empowers district courts to "strike surplusage from the indictment or information." Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant. **However, language in the indictment or information describing the essential elements of the crime alleged is not surplusage and cannot be stricken under Rule 7(d)**.

United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990) (emphasis added) (internal citations omitted). The language that the government moves to strike from the indictment is language that describes essential elements of a crime on which the Grand Jury returned an indictment.

Rule 7(e), allows for amending an information and provides: "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, a court may permit an information to be amended at any time before the verdict or finding." In contrast to Rule 7(d), which allows for surplusage to be stricken (at the defendant's motion) from an information or indictment, Rule 7(e) allows only for the amendment of an information, not an indictment.

This Court is therefore constrained to deny the Government's motion to strike the proposed language from the indictment.

Furthermore, the Court finds that in the instant case, duplicity in Count 4 of the supplemental indictment would not adequately be remedied by an augmented jury instruction. "The dangers of duplicity are three-fold: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy

7

defense; and (3) A court may have difficulty determining the admissibility of evidence." United States v. Trammell, 133 F.3d 1343, 1354 (10th Cir. 1998). The Court concludes that it would cause prejudice and confusion if the duplicitous indictment is read to the jury, that any augmented jury instructions would be an inadequate remedy since the elements of the two criminal acts in 18 U.S.C. § 924 (c) are easily conflated. Allowing the government to proceed under the duplicitous indictment, even with an augmented jury instruction, would create ambiguities and difficulties regarding evidentiary rulings and any potential subsequent double jeopardy defense.

## CONCLUSION

The Court holds that Count 4 of the Superseding Indictment is duplicitous and that it exceeds the scope of the Court's authority to permit the government simply to strike the problematic language from the Indictment. Count 4 of the superseding indictment is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss Count 4 of the Superseding Indictment and Objection to the Government's Jury Instructions as to Count 4 is **GRANTED**. It is further ordered that the government's motion to strike the language "knowingly used and carried a firearm" from the indictment and replace it with "knowingly possessed a firearm in furtherance of such crime" is **DENIED**. The government shall elect a specific charge under Count 4 and shall supersede the indictment immediately so that it is not duplicitous and so that the parties may proceed to trial as scheduled.

Dated this 9th day of September, 2019.

                                                         _____
                                                   **MARTHA VÁZQUEZ**
                                                   United States District Judge

| | |
|---|---|
| Norman Cairns | Erlinda O. Johnson |
| Samuel A. Hurtado | Marc Edwards |