IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                         Crim. No. 18-0100 MV

JOSEPH MARTINEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) and as Res Gestae Evidence. [Doc. 60]. The Defendant filed a Response [Doc 61] and the Government filed a Reply [Doc 96]. Having considered the motions, relevant law, and being otherwise fully informed, the Court finds that the government's motion to admit evidence pursuant to Rule 404(b) will be **GRANTED** with regard to the observations of detectives who observed the controlled buys. Since the government represents in its Reply that it does not intend to introduce hearsay evidence, that it can prove that the Defendant engaged in controlled buys through the observations of detectives who were there, and that all testimony about the controlled buys will come from witnesses who will testify at trial, the government's motion is **DENIED** as moot with regard to any statements made to law enforcement by the Confidential Informant (CI) and any identifications made by the CI.

## BACKGROUND

On July 19, 2019, the government filed a Motion *In Limine* for pre-trial ruling on the admissibility of Rule 404(b) and Res Gestae evidence. Doc. 60. The government seeks to introduce evidence at trial related to transactions between the CI and the defendant that took place in the

weeks prior to the execution of a search warrant at the Defendant's house and the resulting recovery of two handguns, cocaine base, powder cocaine, digital scales, two boxes of baking soda, and two razor blades with white residue. *See id.* at 1-6. The government argues that the controlled CI buys are admissible under Rule 404(b) of the Federal Rules of Evidence because they are being offered for the purpose of establishing the Defendant's intent, preparation, and plan for the cocaine base that was found in his home during the execution of the search warrant. *Id*. at 7-8. The government further argues that the probative value of the evidence outweighs the danger of unfair prejudice as it is unlikely to provoke an emotional response from the jury. *Id*. at 10. Finally, the government argues that the evidence is admissible as Res Gestae evidence because it provides the context for the alleged criminal act. *Id*. at 11-12.

On July 23, 2019, the Defendant filed a "Response to Government's Motion to Introduce Evidence Pursuant to Fed. R. Evid. 404 (b) And Defendant's Motion In Limine 1 To Exclude Introduction of Alleged Controlled Buys." Doc. 61. The Defendant argues that the Government "cannot show" that the alleged transactions with the CI are relevant under any of the enumerated 404(b) exceptions and that the evidence is unfairly prejudicial because the jury would likely jump to impermissible conclusions about the Defendant's character and/or propensity to commit crimes. *Id*. at 5-6. The Defendant also argues that introduction of the evidence would allow for the introduction of impermissible hearsay and may violate his right to confront witnesses under the Sixth Amendment. *Id*. at 6-8.

On August 7, 2019, the government filed a Reply to the Defendant's Response. Doc. 96. In its Reply, the Government reiterated its purpose for introducing the evidence under Rule 404(b) – to establish intent – and its argument that such evidence is admissible as Res Gestae evidence. *See generally id*. The government also stated in its Reply that it does not intend to introduce

hearsay evidence and instead intends to introduce the evidence of the controlled buys through the observations of detectives who were there. *Id.* at 10.

## DISCUSSION

### I. Evidence of Controlled Transactions is Admissible Under Rule 404(b)

#### a. The Legal Standard

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b)(1). Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident. Fed. R. Evid. 404(b)(2); *see also United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). The Tenth Circuit directs courts to conduct a four-part test to determine whether evidence is admissible under 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105 of the Federal Rules of Evidence, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014) (citing *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011)). In order to ensure that the evidence is offered for a proper purpose, the Tenth Circuit requires the government to "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Porter*, 881 F.2d 878, 884 (10th Cir. 1989).

#### b. Application of Tenth Circuit Four-Part Test for Admissibility of Evidence Under Rule 404(b)

After applying the four-part test for Rule 404(b) evidence set forth by the Tenth Circuit,

this Court finds that evidence of controlled transactions between Defendant and the CI is admissible.

First, the government offers the evidence for a proper purpose and has articulated a precise evidentiary hypothesis by which a relevant fact may be inferred from the evidence. The government offers the evidence that the Defendant sold cocaine base to the CI for the purpose of "establish[ing] his intent to distribute the cocaine base that was found inside his home during the execution of the search [warrant]." Doc. 96 at 8. Intent is a permissible basis for the admission of evidence pursuant to Rule 404(b). *See* Fed. R. Evid. 404(b)(2). The government's precise evidentiary hypothesis for the relevance of the evidence is simple: evidence that the Defendant sold cocaine base to a CI in the weeks leading up to the recovery of cocaine and cocaine base at the Defendant's house shows that the Defendant intended to sell the drugs found during the execution of the search warrant. The Tenth Circuit has "repeatedly held that 'the use of prior drug involvement to show plan, motive or intent in a drug trafficking offense is appropriate'" under Rule 404(b). *United States v. Ramirez*, 63 F.3d 937, 943 (10th Cir. 1995) (finding that evidence of the defendant's prior arrest for possession with intent to distribute cocaine admitted under Rule 404(b) to show intent in a drug trafficking crime was admitted "for a proper purpose."); *see also United States v. Harris*, 536 F.3d 798 (7th Cir. 2008) (holding that evidence of uncharged controlled drug transactions was admissible under Rule 404(b) as it demonstrated the defendant's intent to distribute drugs later recovered during police searches, his knowledge of the drugs, and his lack of mistake) (overruled on other grounds by *United States v. Corner*, 598 F.3d 422 (7th Cir. 2010)).

Second, the evidence is relevant. The offenses charged require the Government to show the Defendant's knowledge and intent with respect to his possession of cocaine or cocaine base

4

and its distribution. The controlled transactions that the Government seeks to introduce occurred within the six weeks prior to the execution of the search warrant at the Defendant's house. Under Tenth Circuit law, prior narcotics involvement is relevant when that conduct is "close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997) (quoting *United States v. McKinnell*, 888 F.2d 669, 676 (10th Cir.1989)). In *McKinnel*, the Tenth Circuit held that testimony of a former undercover officer that he had purchased cocaine from the defendant two months prior to the arrest was probative of the defendant's intent to distribute cocaine. 888 F.2d at 676 (overruled on other grounds by *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995), modified (Mar. 11, 1996)). As in *McKinnel*, the timeframe in the instant case is within a two-month period. Furthermore, the substance allegedly sold by the Defendant to the CI during the controlled buys – cocaine base – was the same substance found at the Defendant's house upon the execution of the search warrant. Therefore, the evidence of the controlled buys is relevant and probative of the Defendant's knowledge and intent with respect to the offenses charged.

Third, the Court considers the evidence's probative value and prejudicial effect under Rule 403 of the Federal Rules of Evidence. The Court finds that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. The evidence is not offered to provoke an emotional response from the jury and it is unlikely to do so. The Court will provide a cautionary instruction to the jury regarding the permissible use of the evidence.

Fourth, pursuant to Rule 105 of the Federal Rules of Evidence, the Court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

Therefore, the Court finds that evidence of controlled transactions between the Defendant

and the CI is admissible under Rule 404(b).

## II. Evidence of Controlled Transactions is also Admissible as Res Gestae

Evidence of the controlled transactions between the Defendant and the CI is also admissible as Res Gestae.[1] Evidence of uncharged crimes is admissible as Res Gestae, or "as part and parcel of the proof of the offense charged in the indictment," when the evidence provides context for the crime or is necessary to a full presentation of the case. *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (citing *United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980)). An uncharged act is admissible as Res Gestae "if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) (quoting *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir.1994)). Res Gestae evidence is subject to Rule 403's balancing test and may be excluded if its probative value is substantially outweighed by danger of unfair prejudice. *Ford*, 613 F.3d at 1268. The Sixth Circuit in *United States v. Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d 745, 748 (6th Cir. 2000) (citation omitted).

In the instant case, evidence of the controlled purchases, specifically the detectives' observations of the transactions, gives rise to the facts supporting the probable cause in the search warrant. It also provides context and explanation for law enforcement's decision to seek and execute a search warrant at the Defendant's house. The Court therefore finds that evidence of the controlled CI transactions is "inextricably intertwined with the charged crime such that a witness's

---

[1] Defendant does not address the admissibility of the controlled transactions as Res Gestae in his brief.

testimony would [be] confusing and incomplete without mention of the prior act." *Ford*, 613 F.3d at 1267. Evidence of the controlled buys provides context for the crime and is necessary to a full presentation of the case. *See Kimball*, 73 F.3d at 272. Therefore, the Court finds that this evidence is admissible as Res Gestae.

### III. The Defendant's Hearsay and Confrontation Clause Objections are Moot.

The Defendant objects to the controlled transaction evidence on the grounds that "[t]he introduction of the controlled buys will involve the introduction of hearsay from the confidential informant regarding the person from whom she/he purchased narcotics and the deal themselves" and that such evidence "may violate the defendant's Sixth Amendment right to confront witnesses against him and *Crawford v. Washington*, 541 U.S. 36[] (2004)." Doc. 61 at 7.

In its Reply, the government states that "The Government Does not Intend to Introduce Hearsay Evidence" Doc. 96 at 10. The government explains that "[t]he government does not need to introduce hearsay. The government can prove that the Defendant sold cocaine base during the controlled buys through the observations of detectives who were there." *Id*. The government further represents that "The Defendant Will Be Allowed to Confront Witnesses at Trial" and that "[a]ll of the testimony about the Defendant's crimes will come from witnesses who will testify at trial…" *Id*.

Based on these representations from the government that it will not introduce hearsay evidence and that all testimony regarding the Defendant's prior acts will be from observations of detectives, the Court finds the Defendant's hearsay and confrontation clause objections are moot.

### CONCLUSION

The Court finds that evidence of controlled buys established through the testimony of detectives who observed the transactions is admissible under Rule 404(b) of the Federal Rules of

7

Evidence and as Res Gestae evidence. The government represented in its Reply that it intends to introduce evidence of the Defendant's prior bad acts solely through the observations of the detectives who were there. Therefore, the admissibility of statements and identifications made by the CI is moot.

**IT IS THEREFORE ORDERED** that the Government's motion to admit evidence is **GRANTED IN PART** and **DENIED IN PART** in accordance with the above.

ENTERED this 10th day of September, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Marc Edwards | Norman Cairns |
| Erlinda O. Johnson | Samuel A. Hurtado |
| *Attorney for Mr. Martinez* | *Assistant United States Attorneys* |